Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBIANN BOWEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EXPRESS RECOVERY SERVICES, INC. &<br>EDWIN B. PARRY, P.C.,<br><br>　　　　Defendants. | **COMPLAINT**<br><br><br>Case no: 2:10-cv-01219-DS<br><br><br>**JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1.　This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION

2.　Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

3.　Plaintiff, Libiann Bowen ("Plaintiff"), is a natural person residing in Utah County, Utah.

1

4. Defendants, Express Recovery Services, Inc. & Edwin B. Parry, P.C., ("Defendants") are each business entities engaged in the business of collecting debts by use of the mails and telephone. Defendants regularly attempt to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

9. Under the direction and control of Defendant Express Recovery Services, Inc., Defendant Edwin B. Parry, P.C. ("Parry"), sent a letter to Plaintiff dated August 10, 2010 ("The Initial Dun"). (See Initial Dun, attached hereto as Exhibit "A"). The Initial Dun threatened in multiple places that Parry could sue Plaintiff within the thirty-day dispute period, which overshadowed the disclosures required by § 1692g(a), causing such disclosures ineffectively conveyed to the least sophisticated consumer. The letter does not explain what effect, if any, a timely dispute would have on Defendant's ability to sue (§ 1692g(a) & § 1692g(b)).

10. As a result of the aforementioned violations, Plaintiff suffered injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

11. To the extent Defendants' actions, detailed in paragraphs 8-9, were carried out by

an employee of either Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

13. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA, §§ 1692g(b) & 1692g(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 7th day of December, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Orem, UT 84097